UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                            :

ANGELA CHEN,                                                  :

                              Plaintiff,                      :        25-CV-1325 (JMF)

                 -v-                                   :

                                                           :             ORDER

THE HANOVER INSURANCE GROUP, INC. et al.,    :

                          Defendants.                  :

------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       On February 13, 2025, Defendants filed a notice of removal of this action from the Supreme Court of New York, New York County, asserting removal was proper on the basis of diversity jurisdiction. *See* ECF No. 1 ¶ 5. Removal jurisdiction exists, however, only if the action is one over which the federal court would have original jurisdiction, *see* 28 U.S.C. § 1441(a), and diversity jurisdiction extends only to cases in which there is complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000, *see* 28 U.S.C. § 1332(a). Although Defendants state that the parties "are not citizens of the same state," they merely allege Plaintiff's state of residence, not their state of citizenship. *Id.* ¶¶ 6-9. This is not enough. *See, e.g.*, *Davis v. Cannick*, No. 14-CV-7571 (SJF) (SIL), 2015 WL 1954491, at *2 (E.D.N.Y. Apr. 29, 2015) ("[A] conclusory allegation in the Complaint regarding diversity of citizenship does not extinguish the Court's responsibility to determine, on its own review of the pleadings, whether subject matter jurisdiction exists." (internal quotation marks omitted)). For the purpose of diversity jurisdiction, "a statement of the parties' residence is insufficient to establish their citizenship." *Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc.*, 87

F.3d 44, 47 (2d Cir. 1996); *see also, e.g.*, *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998) ("For purposes of diversity jurisdiction, a party's citizenship depends on his domicile."); *Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 103 (2d Cir. 1997) ("[A]llegations of residency alone cannot establish citizenship . . . .").

Accordingly, no later than **February 25, 2025**, Defendants shall amend their Notice of Removal to properly allege Plaintiff's citizenship. If, by that date, Defendants are unable to amend their Notice of Removal to truthfully allege complete diversity of citizenship, then the action will be remanded to the Supreme Court of New York, New York County, without further notice to either party.

Finally Defendants are directed to, **within two business days of this Order**, serve on Plaintiff a copy of this Order and to file proof of such service on the docket. **Counsel for Plaintiff is directed to file a notice of appearance on the docket within two business days of such service.**

SO ORDERED.

Dated: February 18, 2025
New York, New York

_____
JESSE M. FURMAN
United States District Judge